# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH UGWUEGBULEM and CHI
& CHI INVESTMENT, LLC,

                    Plaintiffs,                          Case No. 26-CV-417-JPS

v.

INVESTORS CAPITAL, LLC, JOSEPH                           **ORDER**
NANTOMAH, and ONYEKA
NANTOMAH,

                    Defendants.

On February 28, 2024, Plaintiffs Joseph Ugwuegbulem and CHI & CHI Investment, LLC ("Plaintiffs"), filed this complaint alleging breach of contract, consumer fraud, and securities fraud under Arizona law, among other violations, against Defendants Investors Capital, LLC, Joseph Nantomah, and Onyeka Nantomah ("Defendants"). ECF No. 1. Since then, the case has barely progressed, leading Plaintiffs' counsel to file, in September 2025, a motion for default judgment on the basis that Defendants had not defended the action after issue was joined. ECF No. 73; *see also* ECF No. 74 at 9 (citing ECF No. 73 at 4); ECF Nos. 15 (answer to amended complaint) and 36 (answer to second amended complaint). In March 2026, the District Court of Arizona denied Plaintiffs' motion for default judgment and transferred the case to this Court. ECF Nos. 74 and 75.

Following the transfer, there has been minimal activity on the docket except for the Court entering its Comprehensive Protocols and Procedures

Order, ECF No. 78, and Plaintiffs' attempts to voluntarily dismiss the case.[1] ECF No. 82 (attempting to do so under Federal Rule of Civil Procedure 41(a)(1)(i)); ECF No. 85 (withdrawing that motion because an answer was filed); ECF No. 86 (seeking dismissal under a different rule). Now before the Court is Plaintiffs' motion to dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a)(2)). ECF No. 86 (filed May 7, 2026). The Court will grant the motion as set forth below.

Federal Rule of Civil Procedure 41(a) provides that a plaintiff may voluntarily dismiss a suit in three ways: by filing a notice of dismissal before the defendant files an answer or motion for summary judgment, by obtaining a stipulation of dismissal signed by all parties who have appeared, or by obtaining an order of the court. As relevant here, the final option, Federal Rule of Civil Procedure 41(a)(2), provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Whether to grant a plaintiff's voluntary dismissal motion is within the discretion of the trial court. *Edmondson v. Brennan & Clark LTD, LLC*, No. 4:18-CV-11-TLS-JEM, 2020 WL 13145934, at *1 (N.D. Ind. Apr. 2, 2020) (citing FED. R. CIV. P. 41(a)(2) and *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1988)). If granted, such a dismissal operates without prejudice, unless otherwise stated. *Id*. (citing FED. R. CIV. P. 41(a)(2)).

In this case, Defendants have answered the operative complaint prior to Plaintiffs' motion to voluntarily dismiss this case. Hence, dismissal under Rule 41(a)(1)(A)(i) is not available; Plaintiffs' counsel's withdrawal

---

[1]Plaintiffs' counsel has since been admitted to this District, so it withdrew its motion to be admitted pro hac vice. ECF Nos. 81 and 84.

of the notice of voluntary dismissal thereunder, ECF No. 85, reflects that fact. However, the Court finds that the dismissal of this case based on Plaintiffs' representations in its motion, ECF No. 86, is "on terms that the [C]ourt considers proper." FED. R. CIV. 41(a)(2); ECF No. 86 (noting that Defendants have not filed any counterclaims and that they would prefer to not litigate in a foreign forum). Dismissal is especially appropriate on this basis because, to date, no Defendant has filed an objection or otherwise responded to this motion, or, for that matter, Plaintiffs' earlier notice of voluntarily dismissal. ECF No. 82; *see* CIV. L.R. 7(b).

For these reasons, Plaintiffs' motion to dismiss this case without prejudice will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiffs Joseph Ugwuegbulem and CHI & CHI Investment, LLC's motion to dismiss this action, ECF No. 86, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of July, 2026.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge